[No. 26865.   Department Two.   February 24, 1938.]

Rose E. Chapman *et al., Appellants,* v. Thomas R. Loer, *Respondent.*[1]

*Oscar A. Zabel,* for appellants.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

Beals, J.—The defendant, Thomas R. Loer, is a physician and surgeon, practicing his profession in the city of Seattle.   Plaintiffs, Rose E. and Howard E.

[1]Reported in 76 P. (2d) 600.

Chapman, husband and wife, during the summer of 1936, employed defendant to treat plaintiff Rose E. Chapman (who will hereinafter be referred to as though she were the sole party plaintiff) for nervousness and asthma; and in the course of the treatment which defendant prescribed for plaintiff, there were administered to her, at defendant's office, heat treatments, administered through the medium of a therapeutic lamp. During the latter part of the month of September, plaintiff visited defendant's office for a treatment, which was administered by defendant's office nurse, and while plaintiff was lying face down, her bare back having been exposed to the heat radiated by the lamp, the lamp came in contact with plaintiff's back, inflicting upon her severe burns.

Claiming that her injuries were the result of the negligence of defendant's nurse, this action was brought, damages being demanded in the sum of ten thousand dollars. Defendant denied all negligence, and the action was tried to a jury, which returned a verdict in favor of the defendant. Plaintiff's motion for judgment in her favor notwithstanding the verdict, or in the alternative for a new trial, having been denied, judgment was entered dismissing the action, from which this appeal has been prosecuted.

Error is assigned upon the giving of two instructions and upon the denial of appellant's motion for a new trial.

It appeared from the evidence that, when appellant called at respondent's office for a treatment, she took with her her six-year-old daughter, who, on the occasion of the injury, remained in the room with appellant and the nurse during the period the treatment was being administered. It is admitted that appellant's daughter was taken into the room with appellant at the latter's request. In subjecting the patient's

body to the heat, a lamp, to which is attached a cord plugged into an electric light socket, is moved back and forth over the patient's body, distributing powerful heat rays in accordance with the will of the person handling the appliance. Appellant testified that, at the time she was burned, the nurse had been regulating the heat and had treated appellant therewith for some time; that finally the nurse pulled the electric plug from the socket, but continued distributing the heat from the lamp over appellant's back; that, while so engaged, the office telephone bell rang, and the nurse placed the lamp on some portion of the appliance and started to leave the room; and that, as she was going out, the heat lamp dropped on appellant's back, inflicting the burns of which she complains.

It appears that, in the suite of offices occupied by respondent, some toys were provided for the amusement of children, and kept in a room other than that in which appellant was being treated, but that appellant had expressly requested that her daughter remain in the room with her while the nurse was administering the treatment. The appliance used to distribute the heat was before the jury. In her testimony, appellant more than once positively stated that the nurse had pulled the plug from the socket, and when the telephone rang and the nurse decided to answer it, the nurse "tightened that to hold it in that position at the right height" (from which the jury evidently understood that the witness stated that the nurse placed the lamp in some fixed position), and started out of the room, and that the nurse was still in the room when the light fell upon appellant, who testified positively that she screamed, but that, notwithstanding her outcry, the nurse continued on her way to the telephone.

The nurse, testifying on behalf of respondent, stated that, while she was treating appellant, the little girl

had wanted to play nurse, and had touched her mother's back; that the witness had told the child not to touch the lamp, and before leaving the room had placed the lamp in a safe position; that a minute or a little more after the witness had left the room, the little girl called to her, saying that her mother had been burned; that the witness found the lamp in a different position; and that the witness said to the child, "I told you not to touch the lamp," whereupon appellant said, "Patsy didn't touch the lamp."

Appellant's child was six years old at the time of the accident, and was seven years old when the case was called for trial. The little girl testified as a witness on appellant's behalf, stating that she had not touched the lamp, and appellant herself testified to the same effect. Appellant was lying on her face, but her movements were entirely unrestrained, and she herself removed the lamp from her person.

It clearly appears, then, that, according to appellant's story, positively sworn to, the lamp fell and burned appellant before the nurse left the room, and that, notwithstanding appellant's scream, the nurse nevertheless departed; also, that the child had nothing whatever to do with the accident. In appellant's complaint, it is alleged that the nurse carelessly, negligently, unskillfully, and unlawfully permitted the hot lamp to come in contact with appellant's back, and that the negligence of respondent consisted in not taking proper care to prevent the lamp from coming in contact with appellant's person, in failing to exercise ordinary care under the circumstances, and in failing to keep proper control over the device.

It is nowhere alleged that respondent's negligence consisted of failing to watch appellant's own child and prevent the child from injuring her mother. While the evidence introduced on behalf of respondent may

well have led the jury to believe that the child was the agency through which the lamp was brought in contact with appellant's back, appellant directly and positively contradicted this evidence, and stood upon her sworn statement to the effect that the lamp fell upon her before the nurse left the room, and that the child did not touch the lamp. The case, then, was to be submitted to the jury on the issues of law and fact above outlined.

Appellant complains of instructions 7 and 8, which read as follows:

"(7) You are instructed that if you find from the evidence that the doctor's nurse upon leaving the room left the lamp in a safe position with the light turned away from the patient, and that after the nurse had left the room the lamp fell, then in that event the defendant or his agent, the nurse, were not guilty of negligence, and your verdict must be against the plaintiffs and in favor of the defendant."

"(8) You are instructed that since the presence of Mrs. Chapman's little girl in the room was at the request of her mother, anything you believe from the evidence she may have done in connection with upsetting the lamp can not be charged to the defendant or his nurse, and if you believe the little girl, in playing around the room, caused the lamp to fall, then you can not find the defendant guilty of negligence and your verdict must be in favor of the defendant."

Appellant argues that these instructions withdrew from the jury the question of fact as to whether or not respondent and his nurse were negligent in leaving the room in which appellant was being treated, while the six-year-old child was in the room, the nurse knowing that the child was likely to tamper with the lamp during the nurse's absence.

Instruction 7 is clearly not obnoxious to any objection on the part of appellant. She positively testified that the lamp fell before the nurse left the room, and

that the child had nothing whatever to do with the accident. If, then, the jury believed that "upon leaving the room" the nurse left the lamp in a safe position, with the light turned away from the patient, and that thereafter the light came in contact with appellant's person, respondent would not be to blame.

If any exceptional circumstances existed which required a qualification of the instruction given, appellant should have requested some qualifying words. This she did not do. She simply excepted to the instruction as contrary to and not proper under the law and the evidence, and argued rather extensively that it was for the jury to determine whether or not the nurse had been negligent in permitting appellant's daughter to remain in the room in the absence of the nurse.

Appellant's argument in support of her contention that instruction 7 is improper is summed up in the following portion of her exception:

"It is a question of fact, it is the contention of the plaintiff, for the jury to determine whether or not the nurse in leaving the room in answer to the telephone call, and in permitting the girl to remain in the room while unattended and uncontrolled, whether under those circumstances the nurse exercised due and proper care in the administering of the treatment."

Appellant did not except to the refusal of the trial court to give any instruction which she requested, nor did she except to any of the instructions given, save those numbered 7 and 8. Appellant's child is not mentioned or referred to in instruction 7, and in consideration of the record, we find no merit in appellant's exception thereto.

By instruction 8, the court told the jury that, if they should find that the accident was occasioned by the act of the little girl, respondent was not liable. Appellant requested no qualifying instruction. Appel-

lant herself had admitted that it was at her request that the child remained in the room in which appellant was being treated. She swore positively that the child did not touch the lamp, and introduced the child herself as a witness, the little girl testifying that, when the accident happened, she was sitting in a chair reading a book, which she described in detail. The child stated that she did not touch the lamp because she was afraid of being burned. Appellant testified that there was nothing over her face (the nurse testified that appellant's eyes were covered) and that she was lying with her face turned toward the door through which the nurse passed on her way to the telephone.

The jury might have believed appellant's testimony that the nurse made some adjustment in the appliance and started to leave the room, and that, because the device was improperly adjusted, the lamp dropped upon appellant's back, all before the nurse had passed through the door, and that the nurse continued on her way regardless of appellant's scream. This was appellant's theory of the case, supported by her direct, positive, and repeated testimony.

If appellant desired to adopt as an alternative theory the story told by the nurse, and then contend, contrary to her complaint and all the testimony introduced in support of her case, that the child had upset the lamp, and that nevertheless respondent was still liable to appellant for negligence on the nurse's part in not restraining the child, certainly appellant should have made some request of the court, and asked for a supplementary or qualifying instruction properly presenting this theory of liability on the part of respondent. Appellant was not relying upon the doctrine of *res ipsa loquitur;* she testified as to just how the accident occurred, and also that the lamp did not come in contact with her back as the result of any act of her daughter.

The court properly instructed the jury upon appellant's theory of the case, and she does not complain of any of these instructions. If she desired to have the jury instructed upon the theory above referred to, it was incumbent upon her to ask for such instructions as she wanted. As to whether or not such a position could have been maintained, in the face of an objection by respondent to the effect that appellant's position was inconsistent, we express no opinion. But on the record as made, no such question was presented, and appellant stands upon an exception to the instruction as given.

As a general principle of law, the instruction, as applied to the facts in the case at bar, is correct. Appellant admitted that her young daughter was, at appellant's request, taken into the room where the latter was being treated. Respondent had provided a place for the children of his patients, but appellant was, as she said, nervous, and wanted the child with her. Generally speaking, then, appellant could not base any claim against respondent upon the act of her own child.

If, because of the facts of this particular case, a different rule might apply, the burden rested upon appellant to see to it that such a question was submitted to the jury under proper instructions; and if the court did not, of its own motion, give such instructions, the burden rested upon appellant to make a clear and definite request for such instructions as appellant believed should be given. Clearly, from the evidence, it could not be held, as matter of law, that respondent's nurse was responsible for the acts of the child, and it must always be remembered that both appellant's testimony and that of the little girl was clear and positive to the effect that the child did not touch the appliance bearing the lamp, and had nothing whatever to do with the accident. Appellant simply excepted to the instruction as given, concluding her exception with the following:

"It is therefore contended that said instruction should not have been given; that it is contrary to the law and the evidence, and highly prejudicial to the plaintiff's case."

We are clearly of the opinion that the instruction correctly stated the general principle of law applicable to the questions to be determined by the jury. The utmost that appellant could have been entitled to, even had appellant admitted that the child might have tampered with the lamp, would have been a qualifying instruction to the effect that, if the jury should find that, under the facts as disclosed by the evidence, the nurse knew or should have known that it was unsafe for her to leave the room without taking measures to protect appellant against the mischievous acts of the little girl, and that such mischievous acts did result in injury to appellant, then respondent might be liable.

As above stated, we do not hold that, in view of the evidence introduced on her behalf, appellant was entitled to such a qualifying instruction—upon that point, we express no opinion—but in any event, she was entitled to no more than that.

Appellant argues that a new trial should have been granted only because of error in the two instructions to which she excepted.

The record is free from error, and the judgment appealed from is affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.